IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PAUL LUMPKIN,                                                                                           PLAINTIFF

V.                                                                                                   NO. 4:06CV88-M-B

DR. JOHN BEARRY, et al.,                                                                         DEFENDANTS

## OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983.

*A. Factual Background*

Plaintiff, a prisoner proceeding *pro se*, filed this § 1983 action on May 15, 2006, in the Circuit Court of Sunflower County, Mississippi for denial of medical care. On May 25, 2006, Defendants removed the action to this court. Plaintiff alleges that Defendants denied him proper medical treatment by removing an order allowing him a "lay-in tray"[1] and refusing to refer him to a specialist so that an "upper and lower GI" could be performed.

*B. Standard of Review*

When considering dismissal for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See,* 28 U.S.C. § 1915(e)(2)(B)(ii); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995)

---

[1] A "lay-in tray" is apparently an order that allows a prisoner to have his meals delivered to his cell or bedside, rather than requiring him to eat in the dinning hall.

(*quoting*, *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. *See*, *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

### C. Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Plaintiff has not demonstrated or alleged facts which if true would demonstrate that

2

Defendants were deliberately indifferent or that he has suffered substantial harm for any denial or delay in treatment. To the contrary, his own pleadings and submissions to the court indicate that he was seen by Defendant Lehman who removed the order for the lay-in tray. Therefore, Plaintiff's claim of denial of medical attention, according to his own assertion, is plainly without merit.

If Plaintiff's complaint concerns delayed medical attention rather than a clear denial of medical attention, he must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). Plaintiff has made no such showing in this case. Plaintiff has not alleged any facts that indicate he has or will suffer substantial harm. Even accepting his allegations as true, Plaintiff has failed to state a claim for delayed medical attention.

Rather, Plaintiff appears to simply disagree with the treatment he has received, contending that an "upper and lower GI" should be performed and his lay-in tray privileges restored. A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Thus, Plaintiff's claims regarding the medical treatment he received fail as a matter of law because they amount to nothing more than a disagreement over the type of care received. *Krueger v. Hulipas*, No. Civ. A. H-04-0890, 2006 WL 623686 at *2 (S.D. Tex. March 9, 2006) (disagreement with treatment or failure to refer prisoner to a specialist does not establish deliberate indifference).

*F. Conclusion*

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief may be granted and his complaint may be dismissed pursuant to Federal Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). Resultantly, Plaintiff's claims shall be dismissed with prejudice.

A separate order will issue this day in accordance with this opinion.

This the 2nd day of October, 2006.

                                                               **/s/ Michael P. Mills**
                                                               **UNITED STATES DISTRICT JUDGE**